**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

THE MACNEIL STUDIO LTD.,

     Plaintiff,                           Case No.: 1:26-cv-02308

v.                                 Judge Andrea R. Wood

THE PARTNERSHIPS AND UNINCORPORATED     Magistrate Judge Heather K. McShain
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

**DECLARATION OF DANIEL JOYNER**

I, Daniel Joyner, declare and state as follows:

1.     This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2.     I am the managing director of The Macneil Studio Ltd. ("Macneil Studio"). I make this declaration from matters within my knowledge, save where otherwise stated.

3.     My father, known professionally as Richard Macneil, is a self-taught artist who has worked for over fifty years in the fields of sculpture, ceramics, and illustration. He formed The Macneil Studio in 2009. One of my father's greatest achievements was seeing his artwork presented to President Ronald Reagan and displayed in the Oval Office. Widely known for his traditional Christmas designs, his work has been sold worldwide on a variety of products as well as greeting cards and paper products. He has also accrued a library of everyday designs and fine art prints. His vision is to create art which appeals to and is accessible to all.

1

4.      Plaintiff is an official source of designs associated with the Macneil Studio Works (the "Macneil Studio Products"):



https://www.artlicensing.com/artists/the-macneil-studio/

5.      The Macneil Studio is the owner of the copyright registrations for the Macneil Studio copyrighted works, which are protected by United States Copyright Registration Nos. VA 2-421-742; VA 2-421-449; VA 2-421-728; VA 2-421-744; VA 2-421-709; VA 2-421-691; VA-2-421-746; VA 2-421-749; VA 2-420-573; VA 2-421-697; and VA 2-421-447 (the "Macneil Studio Works").

6.      The success of the MacNeil Studio Works has resulted in significant infringement of the copyrights. Consequently, an anti-pirating program has been implemented to investigate suspicious websites and online marketplace listings identified in proactive internet sweeps. Various marketplace listings have been identified on multiple platforms, including the internet stores identified in First Amended Schedule A attached to the Complaint ("Defendant Internet Stores"), which were offering for sale, selling, and

2

importing unauthorized versions of the Macneil Studio Works to consumers in this judicial district and throughout the United States.

7.     I am aware of investigations related to internet-based infringement of the Macneil Studio Works. The investigations show that Defendants are using the Defendant Internet Stores to sell infringing Macneil Studio Products from foreign countries such as China to consumers in the United States. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that Infringing Macneil Studio Products were being offered for sale to the United States, including Illinois. The Defendants and their websites do not conduct business with the Macneil Studio and do not have the right or authority to use the copyrights for any reason.

8.     Monetary damages alone cannot adequately compensate Macneil Studio for the ongoing infringement because monetary damages fail to address the loss of control of and damage to Macneil Studio's reputation, goodwill, and control over the nature of the derivative works made using the Macneil Studio copyrighted material. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to Macneil Studio's reputation and goodwill by acts of infringement.

9.     Macneil Studio's goodwill and reputation are irreparably damaged when the Macneil Studio Works are used on unauthorized goods. Plaintiff is further irreparably harmed by the unauthorized use of the Macneil Studio copyrighted material because infringers take away the Macneil Studio's ability to control the nature and quality of products bearing the Macneil Studio Works and derivative works.

3

10. Macneil Studio is further irreparably damaged due to a loss of exclusivity. The copyright rights in the Macneil Studio Works are meant to be exclusive rights.

11. The marketing and distribution of the Macneil Studio Works and derivative works are aimed at growing and sustaining sales. When infringers use the Macneil Studio Works without authorization, the exclusivity associated with the Macneil Studio Works, as well as Macneil Studio's reputation, is damaged and eroded, resulting in a loss of unquantifiable future sales.

12. Uncontrolled profiteering and pirating of the Macneil Studio Works create the impression that the copyright rights associated with the Macneil Studio Works may be infringed with impunity. The Macneil Studio Works are distinctive and signify to consumers that the products are authorized by Plaintiff and are manufactured to Plaintiff's high-quality standards. When infringers use Macneil Studio Works on goods without authorization, the exclusivity of Macneil Studio's products and reputation is damaged and eroded, resulting in a loss of unquantifiable future sales. The devaluing of the intellectual property associated with the Macneil Studio Works cannot be compensated for financially since it erodes Plaintiff's ability to monetize Macneil Studio Works.

13. Macneil Studio will suffer immediate and irreparable injury, loss, or damage if a permanent injunction is not issued.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2026

*Daniel Joyner*

_____

Daniel Joyner

4