**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE MACNEIL STUDIO LTD., | |
| Plaintiff, | Case No. 1:26-cv-02308 |
| v. | Judge Andrea R. Wood |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Heather K. McShain |
| Defendants. | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO
MINUTE ENTRY ORDER [31]**

Pursuant to the Court's Order [31], Plaintiff, The MacNeil Studio Ltd. ("Macneil Studio") or "Plaintiff"), submits this Supplemental Brief confirming that the defaulting Defendants have been properly served in light of *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, No. 25-2205, 2026 WL 1502198 (7th Cir. May 29, 2026).

This Court has already authorized service on Defendants by e-mail and electronic publication under Federal Rule of Civil Procedure 4(f)(3) [23]. The Clerk issued the summons [25], and Plaintiff completed that service, filing a summons returned executed at [26]. In this case, *Kangol* does not disturb that authorization. The Hague Service Convention is the exclusive channel *where it applies*, but by its own terms it "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. The propriety of the Rule 4(f)(3) service therefore turns on whether each Defendant's address was known. This supplemental submission answers the two questions that *Kangol* frames: (1) whether the address of each defaulting Defendant is known; and (2) for those whose address is not known, the efforts Plaintiff undertook to discover it and why those efforts were reasonably diligent.

1

As set out in the accompanying Declaration of Yanling Jiang ("Jiang Decl.") and its Exhibits A–B, Plaintiff, through its counsel and its investigators, performed a per-Defendant investigation of the remaining six Defendants subject to default judgment: it took the address Amazon produced or displayed for each seller, searched that address on four independent public resources (a Google web search, Google Maps, Baidu Maps (百度地图), and Amap (高德地图)), and checked each seller against the Tianyancha (天眼查)[1] PRC business registry, searching by storefront name and by the platform-disclosed Chinese address. Jiang Decl. ¶¶ 3–7. For all six remaining Defendants, the result is the same: the address is not known within the meaning of Article 1. The Convention therefore does not apply, and the e-mail and electronic-publication service this Court already authorized under Rule 4(f)(3) was and is proper.

A "known" address, for Convention purposes, is not merely an address string; it is a real, current location that a diligent search can verify as connected to the person to be served. *NBA Props., Inc. v. Partnerships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021). An address that does not resolve on the maps to the stated unit, and that cannot be tied to an ascertainable, live registered entity operating the storefront, is not a known address of that Defendant – even where a registrant happens to sit at the same street address but has not been shown to be the seller, and even where such a registrant exists but has been cancelled and no longer exists as a legal person. As shown below, each of the six remaining Defendants' addresses fails in exactly that way.

---

[1] tianyancha.com is the official registered corporate credit reporting agency under the National SME Development Fund, (last visited July 16, 2026).

## I.  LEGAL STANDARD

In *Kangol*, the Seventh Circuit held that the Hague Convention provides the exclusive means of service where it applies and prohibits e-mail service in China in that circumstance, but that a court must first decide the threshold question whether the Convention applies at all. *Kangol*, 2026 WL 1502198, at \*5–\*6. The Convention "shall not apply where the address of the person to be served with the document is not known." Hague art. 1, 20 U.S.T. at 362. Where the address is not known, the Convention's exclusivity is never triggered and Rule 4(f)(3) service, including e-mail and electronic publication, remains available within the court's discretion; where the address is known, the Convention applies and Plaintiff proceeds through it.

To show that an address is not known, a plaintiff must make reasonably diligent efforts to ascertain *and* verify it. *NBA Props.*, 549 F. Supp. 3d at 796, *aff'd sub nom. NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022). Verification is the operative step: a facially plausible address string is not a "known" address unless a diligent search confirms it as a real, current location connected to the specific defendant. Courts applying Article 1 to Schedule A defendants proceeding under romanized aliases have recognized that where the defendant's true identity and address cannot be verified, the Convention does not apply and Rule 4(f)(3) service is available. *See Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22 Civ. 2483 (LGS), 2022 WL 14872617 (S.D.N.Y. Oct. 26, 2022); *accord Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025).

That verification standard is reinforced by the structure of PRC enterprise registration. Under PRC law, the State Administration for Market Regulation ("SAMR") requires a registered enterprise name to comprise four components: an administrative-division element (行政区划), a distinctive trade name (字号), an industry descriptor (行业表述), and an organizational form

(组织形式), and a Hague request to the PRC Central Authority must identify the defendant by its registered Chinese-character legal name. Jiang Decl. ¶ 5. A romanized storefront alias that does not correspond, by verified Chinese characters, to a live registered entity does not supply the identifier that Central-Authority service requires; service directed on that basis would identify no serviceable defendant.[2] Plaintiff applies the ascertain-and-verify standard Defendant by Defendant below, and follows it where it points toward the Convention as well as where it points away.

## II.    PLAINTIFF'S PER-DEFENDANT DILIGENCE

The Defaulting Defendants are Defendant Nos. 3, 6, 16, 21, 22, and 27. Plaintiff took the address Amazon produced or displayed for each Defaulting seller, searched it on a Google web search, Google Maps, Baidu Maps, and Amap, and checked each seller against the Tianyancha PRC business registry (by storefront name and by the platform-disclosed Chinese address), running a detail pull on each registry hit and a shared-unit search on any registered domicile that matched a platform address. Jiang Decl. ¶¶ 4–7 & Exs. A–B. For each Defendant the stated unit does not verify as a real location connected to that Defendant, and no live registered entity is shown to be the seller. The results follow.

> **A. The address for Defendant No. 3 huizefencaishangmaojingyingbu is not known, as the Amazon storefront name does not match the registered business entity at that address.**

The produced address is 会泽县宝云街道办事处仙龙社区金泽园9栋404 (Huize County, Qujing, Yunnan). A Tianyancha *address* search returns a single active ("存续") registered entity at that exact address — 会泽汾采商贸经营部（个人独资） (USCC 91530326MADUAMC41G;

---

[2]The practitioner literature describes the same structural problem: Chinese company names and flawed or unverifiable addresses carry a high likelihood of Hague-service failure, and a Hague request that cannot state a registered Chinese-character legal name tied to a current registered address is, in practice, assured to be returned unexecuted. *See* Aaron Lukken, *Chinese company names, flawed addresses, and the high likelihood of Hague Service failure*, Hague Law Blog (2024); *id.*, *Hague Service on "Schedule A" defendants … simplified* (June 2026).

legal representative 冯延红) — the sole registrant at the unit. Jiang Decl. ¶ 7 & Ex. B, No. 3. But the storefront "huizefencaishangmaojingyingbu" matches that entity only phonetically: the registered distinctive name is 会泽汾采, whereas the intuitive romanization of the storefront is 会泽分采 — identical pinyin, different characters (汾 vs. 分). The platform discloses no Chinese-character legal name, nothing in the record establishes that 会泽汾采商贸经营部 operates the storefront, and the map searches resolved only to the 金泽园 compound and the community residents' committee at the subdistrict level, never to Building 9, Unit 404. *Id.* & Ex. A, No. 3. Plaintiff will not represent an address as "known" on the strength of a same-address, phonetically-similar registrant it cannot tie to the Defendant. The address of this Defendant is not known. *See NBA Props.*, 549 F. Supp. 3d at 796.

### B. The address for Defendant No. 6 FIYY is not known.

The produced address is 滨城区市东街道黄河十三路渤海七路兴滨小区西院芙蓉街路南西1办公室 (Bincheng District, Binzhou, Shandong). Baidu Maps resolves only to the 兴滨小区 residential compound and does not locate the stated office ("西1办公室"); Google Maps returns only region-level partial matches. Jiang Decl. ¶ 6 & Ex. A, No. 6. Tianyancha returns no entity matching "FIYY" and no entity registered at that unit; the name search returned only a dissolved Hong Kong company and an unrelated Beijing individual business, and the address search an unrelated construction company. *Id.* & Ex. B, No. 6. The address is not known.

### C. The address for Defendant No. 16 jianghengshangmaoyouxiangongsi is not known, as the registration status for the entity has been cancelled and therefore unable to be served by the Chinese Central Authority.

The produced address is 盐湖区解放北路黄河新世纪3号楼606室 (Yanhu District, Yuncheng, Shanxi). A Tianyancha address search returns a registered entity at that exact address

5

whose core distinctive name matches the storefront's romanization — 运城市盐湖区江恒商贸有限公司 (USCC 91140802MAD9ACN96Q; legal representative 景江波). Jiang Decl. ¶ 7 & Ex. B, No. 16. This is the strongest facial storefront-to-entity of all the Defaulting Defendants; however, the entity's registration status is 注销 (cancelled/terminated) as of June 2026. A cancelled PRC entity no longer has legal-person status, so its registered address is not a location at which a live Defendant can be served, and the map searches independently resolved only to the 黄河新世纪 commercial complex, never to Building 3, Unit 606. *Id.* & Ex. A, No. 16. On this record the address is not a known, viable service target for this Defendant.

### D. The address for Defendant No. 21 juxux is not known.

The produced address is 高逸路112-118号234567幢 (Baoshan District, Shanghai). Google Maps and Baidu Maps locate 高逸路112-118号 only at street/block level; the stated building designation "234567幢" is a run-together of building numbers 2 through 7 and corresponds to no single identifiable unit or occupant. Jiang Decl. ¶ 6 & Ex. A, No. 21. Tianyancha returns twenty unrelated pinyin companies on the name search and eight companies at or near 高逸路112-118号 on the address search, none named "juxux." *Id.* & Ex. B, No. 21. The address is not known.

### E. The address for Defendant No. 22 Hongjin66 is not known, as the information provided by the platform has several defects, making service via the Chinese Central Authority impossible.

The produced address is 仙游县盖尾镇仙华村朱厝33-1号 (Xianyou County, Putian, Fujian). A Tianyancha address search returns a registered entity at that exact address — 仙游县鸿晋贸易有限公司 (USCC 91350322MADX0BNT4R; legal representative 肖金洪). Jiang Decl. ¶ 7 & Ex. B, No. 22. The storefront "Hongjin66" (English) matches that entity only by an English-

6

to-Chinese phonetic inference (Hongjin ≈ 鸿晋), the platform discloses no Chinese-character legal name, and the entity's status is 注销 (cancelled/terminated) as of June 2026. The map searches resolved only to 仙华村 and nearby village committees, never to the house 朱厝33-1号. *Id.* & Ex. A, No. 22. Neither the phonetic-only name link nor the cancelled entity makes the address "known" as to Defendant.

**F. The address for Defendant No. 27 洪宇小店 is not known, as the Amazon storefront name and provided address does not match those of the registered business entity.**

The produced address is 景泰西一巷6号107房 (Baiyun District, Guangzhou). A Tianyancha address search returns a registered entity at that exact address — 广州育红商贸有限公司 (USCC 91440111MADM4NBU04; legal representative 张洪宇) — active ("存续") but carrying a 经营异常 (abnormal operation) tag. Jiang Decl. ¶ 7 & Ex. B, No. 27. The storefront name 洪宇小店 does not match the registered name 广州育红商贸有限公司; the legal representative's given name (张**洪宇**) overlaps the storefront in the characters "洪宇," but a personal-name overlap does not establish that the registered entity operates the storefront, and the map searches resolved only to the 景泰西一巷 lane, never to Room 107. *Id.* & Ex. A, No. 27. The address is not known as this Defendant.

As to all six remaining Defendants, the address is not known, the Convention is inapplicable under Article 1, and the e-mail and electronic-publication service authorized under Rule 4(f)(3) was proper. Jiang Decl. ¶ 8. Consistent with that conclusion, and because the platform record for none of these Defendants supplies the SAMR four-component Chinese-character legal identifier tied to a live entity at a verified address, Plaintiff has not submitted any of these

Defendants to the PRC Central Authority, submission to which would identify no serviceable defendant and would be assured to fail. *Id.*

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1.      Find that, as to each of the six remaining defaulting Defendants (Nos. 3, 6, 16, 21, 22, and 27), the address of each is not known within the meaning of Article 1, that the Hague Service Convention is therefore inapplicable, and that the e-mail and electronic-publication service previously authorized under Federal Rule of Civil Procedure 4(f)(3) was proper;

2.      Proceed on Plaintiff's motion for entry of default and default judgment against the Defendants identified in the First Amended Schedule A [29]; and

3.      Grant such further relief as the Court deems just and proper.

DATED:  July 20, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on July 20, 2026 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Keith A. Vogt
Keith A. Vogt

9