IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE MACNEIL STUDIO LTD.,

  Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

  Defendants.

Case No. 1:26-cv-02308

Judge Andrea R. Wood

Magistrate Judge Heather K. McShain

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am an attorney at JiangIP LLC, of counsel for Plaintiff The MacNeil Studio Ltd. ("Plaintiff") in this action. I am admitted to practice law in the States of Illinois and California. I make this Declaration based on my personal knowledge, except where stated on information and belief, and if called to testify I could and would do so competently. The matters below regarding (a) the structure and operation of the People's Republic of China ("PRC") business-registration system, (b) Chinese-character addresses and Chinese-language mapping services, and (c) the platform records of the Defendants rest on the following bases: I was born and raised in the PRC, where I resided for approximately twenty years; I am a native speaker of Mandarin Chinese with full reading proficiency in simplified Chinese characters; I personally reviewed each platform and registry record described below; and I have direct professional familiarity with the PRC entity-registration system and with Chinese-language mapping services (including Baidu Maps and Amap). I make this Declaration in support of Plaintiff's Supplemental Brief filed in response to the Court's order at [31].

2. **Procedural posture and the operative Defendants.** This Court authorized service on Defendants by e-mail and electronic publication under Federal Rule of Civil Procedure 4(f)(3) [23]. The Clerk issued the summons [25], and Plaintiff completed that service, with the return of service filed at [26]. Plaintiff then moved for entry of default and default judgment against the Defendants identified in its First Amended Schedule A [29], supported by a memorandum of law [30]. On June 18, 2026, the Court entered and continued that motion and directed Plaintiff to make a supplemental submission by July 20, 2026, confirming that the defaulting Defendants have been properly served in light of *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, No. 25-2205, 2026 WL 1502198 (7th Cir. May 29, 2026) [31]. This Declaration addresses the six defaulting Defendants that remain in this action, who have not previously been dismissed. Each remaining Defendant, its platform, and its platform-disclosed address is set out in Exhibit A.

3. **The Article 1 threshold.** The Hague Service Convention, by its own terms, "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. My investigation was directed to that threshold question: whether, after reasonably diligent efforts to ascertain and to verify, the address of each Defendant is a real, current location that can be connected to that Defendant. A "known" address, for that purpose, is not merely an address string; it is a real, current location that a diligent search can verify as connected to the person to be served. *See NBA Props., Inc. v. Partnerships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021).

4. **Methodology.** For each Defendant, I began with the address that the platform (Amazon) produced or displayed for that seller. Those addresses are set out verbatim, with a general English translation, in Exhibit A. Each stated address was then searched on independent, publicly available

2

resources: a Google web search, Google Maps, Baidu Maps (百度地图), and Amap (高德地图), and a screenshot of each search was captured (Ex. A). Separately, I checked each seller against the Tianyancha (天眼查) PRC business-registry database, searching by storefront name and by the platform-disclosed Chinese address, running a detail pull (工商信息-企业基本信息) on each registry hit and a shared-unit search on any registered domicile that matched a platform address (Ex. B). The mechanical searching and screen-capture was performed by me or by a research associate working under my direction and supervision; I personally examined every capture and personally read and interpreted the Chinese-language search and registry results.

5. **The SAMR four-component naming framework.** Under PRC law, the State Administration for Market Regulation ("SAMR") requires a registered enterprise name to comprise four components: an administrative-division element (行政区划), a distinctive trade name or "字号" (字号), an industry/business descriptor (行业表述), and an organizational form (组织形式). A Hague request directed to the PRC Central Authority must identify the defendant by its registered Chinese-character legal name. None of the six remaining Defendants is identified on the platform record by a Chinese-character legal name that a diligent search verifies as the name of a live registered entity at a serviceable, Defendant-connected address; the platform records disclose only a romanized (pinyin or English) storefront alias, or, for Defendant No. 27, a Chinese trade-style name that is not a registered legal name. Exhibit A sets out the naming form for each Defendant.

6. **Per-Defendant findings: no registered entity shown to be the seller for Defendant Nos. 6 and 21.** For two of the six Defendants, no registered entity matching the seller was found, and the stated unit did not resolve on the maps as a location connected to the Defendant:

- **No. 6 ("FIYY," Amazon).** The produced address is 滨城区市东街道黄河十三路渤海七路兴滨小区西院芙蓉街路南西1办公室 (an "office" within the 兴滨小区 compound, Bincheng District, Binzhou, Shandong). Baidu Maps resolves only to the 兴滨小区 residential compound and does not locate the stated office ("西1办公室"); Google Maps returns only region-level partial matches. Ex. A, No. 6. A Tianyancha name search returned only a dissolved Hong Kong company (飛逸集團有限公司, 已告解散) and an unrelated Beijing individual business, and the address search returned an unrelated construction company; no registered entity matches the storefront alias "FIYY" or the exact platform address. Ex. B, No. 6. The address is not known.

- **No. 21 ("juxux," Amazon).** The produced address is 高逸路112-118号234567幢 (Baoshan District, Shanghai). Google Maps and Baidu Maps locate 高逸路112-118号 only at street/block level, where several unrelated companies are registered; the stated building designation "234567幢" is a run-together of building numbers 2 through 7 and corresponds to no single identifiable unit or occupant. Ex. A, No. 21. Tianyancha returned twenty unrelated pinyin companies on the name search and eight companies at or near 高逸路112-118号 on the address search, none named "juxux." Ex. B, No. 21. The address is not known.

7. **Per-Defendant findings: Incurable defects for Defendant Nos. 3, 16, 22, and 27).** For four of the six Defendants, a Tianyancha *address* search returned a registered entity whose registered domicile matches the platform-disclosed address; I review each in detail, and in my professional judgment none of them, on this record, establishes the stated address as a known, serviceable address connected to the Defendant:

- **No. 3 ("huizefencaishangmaojingyingbu," Amazon).** The produced address is 会泽县宝云街道办事处仙龙社区金泽园9栋404 (Huize County, Qujing, Yunnan). A Tianyancha address search returns a single active ("存续") registered entity at that exact address — 会泽汾采商贸经营部（个人独资） (USCC 91530326MADUAMC41G; legal representative 冯延红) — and a shared-unit search shows it is the sole registrant at the unit. Ex. B, No. 3. The storefront "huizefencaishangmaojingyingbu," however, matches that entity only phonetically: the registered distinctive name is 会泽**汾**采, whereas the intuitive romanization of the storefront is 会泽**分**采 — identical pinyin, different characters (汾 vs. 分). The platform discloses no Chinese-character legal name, and nothing in the record establishes that 会泽汾采商贸经营部 operates the "huizefencaishangmaojingyingbu" storefront. The map searches resolved only to the 金泽园 residential compound and the Xianlong Community residents' committee at the subdistrict level and did not locate Building 9, Unit 404. Ex. A, No. 3. A same-address, phonetically-similar registrant that cannot be tied to the Defendant does not make the address "known" as this Defendant. *See NBA Props.*, 549 F. Supp. 3d at 796.

- **No. 16 ("jianghengshangmaoyouxiangongsi," Amazon).** The produced address is 盐湖区解放北路黄河新世纪3号楼606室 (Yanhu District, Yuncheng, Shanxi). A Tianyancha address search returns a registered entity at that exact address — 运城市盐湖区江恒商贸有限公司 (USCC 91140802MAD9ACN96Q; legal representative 景江波) — whose core distinctive name, 江恒商贸有限公司, matches the storefront's romanization; this is the strongest facial storefront-to-entity link of all remaining Defendants. However, the entity's

registration status is 注销 (cancelled/terminated) as of June 2026. A cancelled PRC entity no longer has legal-person status; service directed to a cancelled company's registered address would be directed at an extinguished legal person, and the map searches independently resolved only to the 黄河新世纪 commercial complex and did not locate Building 3, Unit 606. Ex. A, No. 16; Ex. B, No. 16. On this record the address is not a known, viable service target of Defendant.

- **No. 22 ("Hongjin66," Amazon).** The produced address is 仙游县盖尾镇仙华村朱厝33-1号 (Xianyou County, Putian, Fujian). A Tianyancha address search returns a registered entity at that exact address — 仙游县鸿晋贸易有限公司 (USCC 91350322MADX0BNT4R; legal representative 肖金洪) — but the storefront "Hongjin66" (English) matches it only by an English-to-Chinese phonetic inference (Hongjin ≈ 鸿晋), the platform discloses no Chinese-character legal name, and the entity's status is 注销 (cancelled/terminated) as of June 2026. The map searches resolved only to 仙华村 and nearby village committees and did not locate the house 朱厝33-1号. Ex. A, No. 22; Ex. B, No. 22. Neither the phonetic-only name link nor the cancelled entity makes the address "known" as to this Defendant.

- **No. 27 ("洪宇小店," Amazon).** The produced address is 景泰西一巷6号107房 (Baiyun District, Guangzhou). A Tianyancha address search returns a registered entity at that exact address — 广州育红商贸有限公司 (USCC 91440111MADM4NBU04; legal representative 张洪宇) — which is active ("存续") but carries a 经营异常 (abnormal operation) tag. The storefront name 洪宇小店 (Hongyu Small Shop) does not match the

registered name 广州育红商贸有限公司 (Guangzhou Yuhong Trading Co., Ltd.). The legal representative's given name, 张洪宇, contains the characters "洪宇," a notable overlap with the storefront; but a personal-name overlap does not by itself establish that the registered entity operates the "洪宇小店" storefront, and the map searches resolved only to the 景泰西一巷 lane and surrounding establishments and did not locate Room 107. Ex. A, No. 27; Ex. B, No. 27. The address is not known as to this Defendant.

8. **Service method and non-submission to the PRC Central Authority.** As set out above and in Exhibits A and B, none of the six remaining Defendants verifies to a live, registered legal person at a serviceable address that a diligent search can connect to that Defendant: two Defendants (Nos. 6 and 21) have no matching registered entity at all; two (Nos. 3 and 27) present same-address registrants whose registered names do not match the storefront (phonetic-only for No. 3; a legal-representative given-name overlap for No. 27, with an 经营异常 tag); and two (Nos. 16 and 22) present same-address registrants that have been 注销 (cancelled) and so no longer exist as legal persons (No. 22's name link is, in addition, phonetic-only). Because the platform record for none of these Defendants supplies the SAMR four-component Chinese-character legal identifier tied to a live entity at a verified address, a Hague request to the PRC Central Authority would identify no serviceable defendant and would be assured to fail; Plaintiff has accordingly not submitted these Defendants to the PRC Ministry of Justice, and the electronic service already authorized under Rule 4(f)(3) and completed is the appropriate method as to each.

9. **Exhibit authentication.** Exhibit A is a true and correct compilation of the Google web, Google Maps, Baidu Maps, and Amap search captures for the six remaining Defendants described above. Exhibit B is a true and correct compilation of the Tianyancha registry-check results described above, including the registry records for 会泽汾采商贸经营部（个人独资），

运城市盐湖区江恒商贸有限公司, 仙游县鸿晋贸易有限公司, and 广州育红商贸有限公司, each entity name, Unified Social Credit Code, legal representative, registration status, and registered domicile quoted verbatim from its source. Both Exhibits were prepared in the course of the investigation I conducted or supervised, and I personally read, interpreted, and reviewed the Chinese-language records they contain.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 20, 2026

*/s/ Yanling Jiang*
Yanling Jiang
Counsel for Plaintiff

8